OPINION OF THE COURT
Irving A. Green, J.
In this action to recover damages the plaintiff, who is the owner of a tax sale certificate covering the subject property, claims he sustained as a result of the demolition of building improvements by the defendant municipality, situate upon such property, issues of novel impression are raised. The defendant now moves the court for summary judgment in its favor contending, inter alia, (a) that the plaintiff, as the owner and holder of a tax sale certificate covering the subject premises at the time the building was demolished and during the unexpired period of redemption by the owner, possessed only a “tax lien” upon the premises and had no other interest sufficient to give rise to a claim for damages by virtue of the demolition of the building upon the property, and (b) that the defendant municipality, pursuant to its Minimum Housing Standards Ordinance, had the right and obligation of requiring the building be secured and renovated upon the failure of which the defen *926 dant properly enacted a resolution by its common council to demolish the building.
The papers submitted upon the motion disclose that with exception of notice of the presentation of the demolition resolution to the common council, no notices were given to the plaintiff respecting the demands of the defendant for the securing and renovation of the subject building under the penalty of its demolition. The notices were delivered to the title “owners” of the property. The notice given to the plaintiff, as owner of the tax sale certificate, the defendant avers, at the time of the presentation of the demolition resolutions to the common council, “was a courtesy notice not required by law and not required by the ordinance”.
The tax sale certificate was acquired by the plaintiff at the tax sale held on March 19, 1976. The plaintiff received notice, on July 8, 1976, that the demolition resolution would be presented to the common council" on July 12, 1976. The plaintiff appeared at such meeting, addressed the common council in opposition to the resolution, which was then passed. The building was demolished on August 16, 1976.
On this motion, therefore, the court addresses the issue of whether the purchaser of a tax sale certificate, during the unexpired period of redemption by the owner, possesses an interest in the lands and improvements sufficient to give rise to a cause for damages in the event of an improper interference with the purchaser’s prospective and contingent right to the use and enjoyment of such property in the event the owner fails to effect its redemption. In this case, the property was not redeemed by its owner.
The Minimum Housing Standards Ordinance, enacted by the defendant, in its definition of the term “owner” (§ 100.11) so far as here relevant reads: “Owner: Owner or owners of the freehold of the premises or lesser estate therein” (emphasis added).
The purchaser of a tax sale certificate, the court holds, does not thereby merely acquire a “lien” upon the subject parcel of property, but rather an estate therein which is contingent and subject to divestment by redemption under the statute. (Real Property Tax Law, art 10.) Indeed, the *927 statute (Real Property Tax Law, § 1012), recognizes the estate in the real property acquired by the purchaser at a tax sale by enjoining the removal of buildings or timber or other valuable products existing upon the real property at the time of sale; and providing for the recovery by the holder of the tax sale certificate of the full value of the buildings or other products removed therefrom. The statute further provides that such action may be restrained by injunction from committing waste thereon.
It is, therefore, abundantly clear that the purchaser of a tax sale certificate is clothed with a sufficient interest in the freehold to maintain a cause of action for despoliation of the property during the unexpired period of redemption if the property is not redeemed.
Addressing the contention of the defendant that the demolition of the subject building was done in the proper exercise of its right and obligation, that is to say, its police powers codified in the defendant’s Minimum Housing Standards Ordinance, the court finds triable issues are presented which require a plenary trial. There is a dispute presented by the papers submitted on the motion as to whether or not the physical condition of the building required the defendant, in the exercise of its authority and within the standards promulgated therefor, to demolish the building during the unexpired period of redemption. It has been stated that public necessity is the limit of the police power to destroy private property, and that ordinarily vested rights in property cannot be destroyed summarily as a nuisance unless in a great emergency. (6 McQuillen, Municipal Corporations, §§24.25, 24.26.) Generally, unjustified municipal destruction of private property gives rise to a municipal liability in damages. (§ 24.27.)
A plenary trial is required to develop, inter alia, all of the factual conditions and circumstances surrounding the action taken by the defendant in directing the demolition of the subject building within approximately 40 days after notice of such purpose was given to the plaintiff as well as with respect to the damages, if any, which the plaintiff claims he sustained thereby.
Accordingly, the motion for summary judgment in favor of the defendant is denied.
*928 The cross motion by plaintiff’s attorney to withdraw as counsel to the plaintiff is denied- without prejudice with leave to renew upon timely notice to the plaintiff and defendant. The papers submitted in the cross motion do not disclose notice upon the plaintiff of such application for a sufficiently reasonable time in advance of the return date.